UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES FRANK LIENEMANN,
# 673962,                                    )
                                             )
                    Petitioner,              )        Case No. 1:14-cv-43
                                             )
v.                                           )        Honorable Paul L. Maloney
                                             )
SHIRLEE HARRY,                               )        **MEMORANDUM OPINION**
                                             )
                    Respondent.              )
_____)

This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant

to 28 U.S.C. § 2254.  Petitioner seeks to overturn his plea-based conviction in

Kalamazoo County Circuit Court for manufacture/possession of an explosive or

incendiary device causing property damage.  The trial court judge summarized the

events giving rise to the challenged criminal conviction as follows:

> On September 15, 2007, Defendant James Frank Lienemann shot bullets
> through the window of a home.  Lienemann and his co-defendant also
> possessed a device commonly called a Molotov cocktail: a bottle filled with
> flammable liquid with a cloth wick inserted in the neck of the bottle.  The
> co-defendant attempted to throw the Molotov cocktail through the living
> room picture window.  The occupants were inside, asleep, until awoken by
> a "sound of a loud explosion type."  One of the occupants testified at the
> preliminary examination that she got up and went to the living room,
> where she saw several small holes and a "big major hole" in the window,
> with a bottle "hanging from the window with a rag hanging out of it."
> There was a strong smell of gasoline.  The Molotov cocktail did not explode
> or start a fire, but it was recovered from the scene and it appeared the wick
> had been lighted at some point.

(ECF No. 10-5, PageID.413).

On May 8, 2009, petitioner entered his guilty plea to two felonies pursuant to a plea agreement through which petitioner obtained dismissal of five felony charges (one of which carried a potential life sentence), dismissal of the notice charging him as an habitual offender (third felony offense), and the promise of a sentencing recommendation from the prosecution for a minimum sentence of no more than 8 years on his conviction for manufacture/possession of an explosive or incendiary device causing property damage. Petitioner was subsequently sentenced in accordance with the terms of his plea agreement.

After unsuccessful attempts to overturn his convictions and sentence in state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas corpus relief on the following grounds:

I.    Petitioner's rights under the Fourteenth Amendment's Due Process Clause were violated because his guilty plea "was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea."

II.    Petitioner's rights under the Fourteenth Amendment's Due Process Clause were violated because the prosecution failed to disclose a police report.

III.    Petitioner's Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated by deficient advice regarding the plea agreement.

IV.    Petitioner's Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel were violated. Counsel advised petitioner that there were no non-frivolous issues to raise in an appeal from his guilty plea and counsel failed to withdraw in a manner consistent with *Anders v. California*, 386 U.S. 738 (1967). Petitioner "unknowingly signed an returned" the Affidavit and

        Stipulation and Order indicating that he would not be seeking appellate review.

V.     The trial court violated petitioner's Sixth Amendment right to the assistance of appellate counsel when it denied petitioner's motion requesting appointment of a second appellate attorney.

(Petition, 5-8, ECF No. 1, PageID.5-8).

Respondent argues that all grounds raised by petitioner lack merit. (ECF No. 9). In addition, respondent argues that Ground V is barred by procedural default and that petitioner has not established cause and prejudice or actual innocence to excuse his procedural default. (*Id.* at 6-7, 58-59, PageID.300-01, 352-53).

After review of the state-court record, the Court concludes petitioner has not established grounds for federal habeas corpus relief. Petitioner has not shown that the state court decisions rejecting the grounds raised in the petition "were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]."[1] 28 U.S.C. § 2254(d). The petition will be denied.

---

[1]Both the Supreme Court and the Sixth Circuit have indicated that this Court has discretion to ignore a procedural default and proceed directly to the merits of an apparently defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural default question. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Bales v. Bell*, 788 F.3d 568, 573 (6th Cir. 2015); *Scott v. Houk*, 760 F.3d 497, 506 (6th Cir. 2014). In the present case, the grounds raised by petitioner are meritless, so a detailed analysis of the complicated procedural default issues is unnecessary.

-3-

### Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted).  "AEDPA requires heightened respect for state court factual and legal determinations."  *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied.  28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).  AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132  S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

-6-

## **Findings of Fact**

### A.      **District Court Proceedings**

Petitioner was charged with seven felonies:  (1) assault with intent to murder, Mich. Comp. Laws § 750.83; (2) explosives–manufacture/possession of a Molotov cocktail or incendiary device causing property damage, Mich. Comp. Laws § 750.211a(2)(c); (3) arson–preparation to burn property valued at $20,000.00 or more, Mich. Comp. Laws § 750.77(1)(d)(I); (4) arson–personal property $1,000.00 or more but less than $20,000.00, Mich. Comp. Laws § 750.74(1)(c)(I); (5) weapons–firearms discharge in or at a building, Mich. Comp. Laws § 750.234b; (6) weapons–felony firearm, Mich. Comp. Laws § 750.227b; and (7) felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Petitioner was also subject to an habitual offender notice, third felony offense, Mich. Comp. Laws § 769.11.  (ECF No. 10-6, PageID.540; ECF No. 10-9, PageID.947).

On or about January 28, 2009, petitioner received a preliminary examination. Petitioner's co-defendant, Cory McGrail, gave testimony in support of the charges against petitioner.  (ECF No. 10-6, PageID.498-500).  The district court also heard testimony from one of the victims.  (*Id.* at PageID.493-97).  The district court judge bound over petitioner for trial in Kalamazoo County Circuit Court on all charges.

## B.    Circuit Court Proceedings

On March 25, 2009, Kalamazoo County Circuit Court Judge J. Richard Johnson conducted a hearing on petitioner's motion to quash the assault with intent to murder charge.[2]  (ECF No. 10-2).  Petitioner's attorney argued that assault with intent to murder required specific intent to kill or knowledge of a co-defendant's specific intent to kill, and that the testimony received at petitioner's preliminary examination had been insufficient to support the specific intent element.  (*Id.* at 3-6, 8-9, PageID.373-76, 378-79).  Judge Johnson reviewed the evidence that had been presented at the preliminary examination, including the testimony of petitioner's co-defendant Cory McGrail.  The judge noted that "throwing a Molotov cocktail into a house and shooting into a house repeatedly in the early morning hours could reflect an intent to kill whoever was inside the house."  (*Id.* at 13, PageID.383).  Judge Johnson denied the motion to quash.  (*Id.* at 14, PageID.384).

On May 8, 2009, petitioner pleaded guilty pursuant to a plea agreement.  (ECF No. 10-3).  Through the plea agreement, petitioner avoided a potential life sentence.  He secured the dismissal of five of the seven felony charges against him and the habitual offender supplement.  In addition, under the agreement, the prosecution would recommend no more than an eight-year minimum sentence on the primary charge to

---

[2]Conviction of the felony of assault with intent to murder alone would have been "punishable by imprisonment in the state prison for life or any number of years."  MICH. COMP. LAWS § 750.83.

which petitioner would plead guilty. Petitioner agreed and he pleaded guilty to Counts II and IV. Petitioner confirmed that the agreement summarized on the record was what he had agreed to and that he was asking the court to accept the plea agreement. (*Id*. at 3-5, PageID.388-90).

Petitioner advised the judge that he had a full opportunity to discuss the terms of the plea agreement with his attorney. (*Id*. at PageID.388). Petitioner testified that he had signed the advice of rights form and that he understood all the rights that he would be giving up by pleading guilty. (*Id*. at 6, PageID.391). Petitioner testified that he was pleading guilty of his own free choice. He was not pleading guilty because of any threats. He was pleading guilty because he believed that he was guilty. (*Id*. at 6-7, PageID. 391-92).

Petitioner was in Kalamazoo on or about September 15, 2007. (*Id*.). He testified that he was aiding and abetting his co-defendant. They came up with the idea to make a Molotov cocktail and go to the Gill residence. Petitioner was with his co-defendant when that individual threw the Molotov cocktail into the Gill residence. (*Id*. at 8, PageID.393). The plea transcript includes the following unambiguous testimony from petitioner in response to the judge's questions:

> THE COURT:     When the two of you were there together, to your knowledge and with your aid, did the other person throw the Molotov cocktail into the residence?
>
> THE DEFENDANT:     Yes, your Honor.
>
> * * *

THE COURT:       And was some property damage done?

THE DEFENDANT:       I believe so, your Honor, yes.

THE COURT:       A window broken?

THE DEFENDANT:       Yes, your Honor.

(*Id.* at 8-9, PageID.393-94).

The attack had been carried out for the purpose of frightening the Gill family. (*Id.*). Petitioner did not dispute that Mr. and Mrs. Gill had been inside the residence on the night the attack occurred. (*Id.* at 9, PageID.394). Petitioner admitted he possessed a firearm at the time the Molotov cocktail was being used at the Gill residence. (*Id.*).

The prosecutor and defense counsel advised the court that they were satisfied that all elements of the two crimes had been covered and that the court had complied with Michigan Court Rule 6.302. (*Id.* at 9-10, PageID.394-95). Judge Johnson asked petitioner whether he still wanted to plead guilty to the two crimes and he received petitioner's response of, "Yes, your Honor." (*Id.* at 10, PageID.395). Judge Johnson accepted petitioner's guilty plea because he found that there was an adequate factual basis and because petitioner's plea was knowing and voluntary. (*Id.*).

On June 1, 2009, Judge Johnson conducted a sentencing hearing. (Sentencing Transcript (ST), ECF No. 10-4). There were no objections to the scoring of the sentencing guidelines. (*Id.* at 5, PageID.400; *see also* ECF No. 10-9, PageID.1007). Among other things, the presentence investigation report recommended restitution to the victims in the amount of $5,200. (ECF No. 10-9, PageID.1004). There were no

-10-

suggested additions, corrections, or deletions to the pre-sentence report.  (ST, 4, PageID.400; ECF No. 10-9, PageID.995-1006).  The victims, Mr. and Mrs. Gill, described how petitioner's attack caused them to live in constant fear.  (ST, 5-7, PageID.401-03; *see also* Victim Impact Statement, ECF No. 10-9, PageID.1008-10).  Judge Johnson sentenced petitioner in accordance with the terms of the plea agreement to eight to twenty years' imprisonment and a consecutive sentence of two year's imprisonment for possession of a firearm during the commission of a felony.  (ST, 13-14, PageID.409-10; Judgment of Sentence Commitment to Corrections Department, ECF No. 10-6, PageID.538-39).

### B.    Subsequent Proceedings

On June 3, 2009, at petitioner's request, the court appointed appellate counsel. Petitioner's attorney reviewed the entire record and he met with petitioner to discuss his appeal.  They discussed petitioner's objective on appeal, which was seeking a reduction in his minimum sentence, or in the alternative, seeking to withdraw his guilty plea. Appellate counsel noted the substantial benefits that petitioner had secured through entering his guilty plea.  Petitioner had obtained the dismissal of five felony charges and an habitual offender supplement and the prosecution agreed to recommend no more than an eight-year minimum sentence on the charge of manufacture/possession of an explosive or incendiary device causing property damage.  In return, petitioner agreed to plead guilty to this charge and the felony firearm charge.  The transcript established that petitioner's guilty plea had been freely, knowingly, and voluntarily given.

Petitioner signed the advice of rights waiver form and acknowledged to the judge on the record that he had read and understood the form and the rights that he was waiving. Appellate counsel found no valid legal or factual reason for withdrawing from the plea. Petitioner knew what his minimum sentence would be when he entered his plea. There was no error in the judge's scoring under Michigan's sentencing guidelines. Appellate counsel had no issue of even colorable merit to pursue on petitioner's behalf. (ECF No. 10-6, PageID.516-17).

Appellate counsel advised petitioner that, because there were no issues of even colorable merit to raise on appeal, he would be seeking to withdraw from petitioner's case. He would be sending a proposed Affidavit and a Stipulation and Order in order to terminate his appointment as appellate counsel. (*Id*). Petitioner signed the Affidavit stating that he had discussed the circumstances of his case with appointed appellate counsel. He stated that he had knowingly and voluntarily decided that he did not want to pursue either post-conviction or other appellate relief in this matter. (ECF No. 10-6, PageID.524). Petitioner also signed a Stipulation and Order Dismissing the Pursuit of any Post Judgment Relief, indicating that he did not intend to seek any further relief or review in the trial court or in the appellate court and that the court should discharge appellate counsel from any further representation of petitioner. (ECF No. 10-5, PageID.419; ECF No. 10-6, PageID.519-22).

On August 13, 2009, petitioner's appellate counsel filed a motion for entry of an order vacating the appointment and withdrawal of counsel. (ECF No. 10-6, PageID.544-

-12-

46).  Petitioner's appellate counsel found no valid issue to pursue on appeal.  Petitioner's

plea and sentence were procedurally and substantively correct.   The motion was

accompanied by petitioner's Affidavit and the Stipulation and Order  On August 19,

2009, the court discharged petitioner's appointed appellate counsel.  (ECF No. 10-6,

PageID.523-27, 532-34; *see also* ECF No. 10-5, PageID. 414).

On May 28, 2010, petitioner filed an application for leave to appeal to the

Michigan Court of Appeals.  The Michigan Court of Appeals allowed petitioner to file

supplemental arguments.  Petitioner's application for leave to appeal, as supplemented,

raised issues corresponding to Grounds I through III of his habeas corpus petition.

(ECF No. 10-9, PageID.897-927).  On October 14, 2010, the Michigan Court of Appeals

denied petitioner's delayed application for leave to appeal "for lack of merit in the

grounds presented."[3]  (ECF No.  10-9, PageID.957).  On March 29, 2011, the Michigan

Supreme Court denied petitioner's application for leave to appeal.  (ECF No. 10-9,

PageID.802).

-----

[3]The trial court denied petitioner's request for appointment of a second appellate attorney on May 28, 2010 (ECF No. 10-6, PageID.534) and his motion for reconsideration on July 2, 2010 (*Id.* at PageID.547), long before the Michigan Court of Appeals made its decision on petitioner's delayed application for leave to appeal. Petitioner presents no evidence or argument that he filed a motion asking the Court of Appeals to appoint a second appellate attorney. The record shows that petitioner told the Court of Appeals that he "agreed" to allow his appellate attorney to withdraw. (ECF No. 10-9, PageID.898). The briefs filed in the Michigan Court of Appeals (ECF No. 10-9, PageID.897-927, 958-78) are devoid of any claim by petitioner that he had been misled into agreeing to discharge his appellate counsel. Petitioner's claim that he had somehow been misled was not asserted until after the Michigan Court of Appeals denied his application for leave to appeal for lack of merit.

-13-

On March 29, 2012, petitioner filed a motion for relief from judgment in Kalamazoo County Circuit Court. (ECF No. 10-6, PageID. 422-28). He raised the issues now found in his habeas petition, including the claims related to appellate counsel found in Grounds IV and V. On May 2, 2012, Judge Johnson found that all the issues that petitioner raised lacked merit and he denied petitioner's motion for relief from judgment. (ECF No. 10-5, PageID.412-21). The court held that petitioner's testimony provided an adequate factual basis for his guilty plea and that petitioner's guilty plea was understanding, voluntary, and accurate. (*Id.* at 6-7, PageID.417-18). Petitioner's claim that he had been deprived of a police report was meritless. Petitioner had attached partial copies of police reports to the appendix to his motion for relief from judgment. (*Id.* at 7, PageID.418). Judge Johnson applied the *Strickland* standards and rejected petitioner's claims that his trial and appellate counsel had been ineffective. (*Id.* at 7-9, PageID.418-20). Judge Johnson noted that appellate counsel "found no meritorious, colorable, or even arguably valid issue to pursue on appeal." (*Id.* at 8, Page ID.419). The judge rejected petitioner's claim that he had been misled and that his waiver of appellate review and discharge of his appellate attorney had been involuntary. Petitioner's assertions were directly undermined by the terms of both the Affidavit and the Stipulation and Order that he had signed. (*Id.* at 8, PageID.419). Judge Johnson rejected petitioner's argument that the court's denial of his request for appointment of a second appellate attorney violated his Sixth Amendment rights. (*Id.*).

On July 3, 2013, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  (ECF No. 10-7, PageID.571).  On December 23, 2013, the Michigan Supreme Court denied petitioner's application for leave to appeal on the same basis.  (ECF No. 10-8, PageID.638).

On January 14, 2014, petitioner filed his habeas corpus petition.  (ECF No. 1).

## Discussion

### I.   Guilty Plea

Ground I is petitioner's claim that his guilty plea "was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea." (Petition at 5-6, ECF No. 1, PageID.5-6).  On Ground I, and all other grounds raised in his petition, petitioner relies on the brief that he filed in Kalamazoo County Circuit Court in support of his unsuccessful motion for relief from judgment. (*Id.* at 6-8, PageID.6-8).  He states no fewer than eleven times that the issues raised in his petition are "fully briefed" or "briefed" in his "Motion for Relief from Judgment filed in the Trial Court." (*Id.*).  However, AEDPA standards are not discussed or even mentioned in petitioner's motion for relief from judgment or in the brief that petitioner filed in support of that motion. (ECF No. 10-6, PageID.422-28).  Although the petition could be denied without further discussion because petitioner made no attempt

to satisfy his statutory burden under 28 U.S.C. § 2254(d),[4] the Court will indulgently address the grounds raised in the habeas corpus petition.

With regard to Ground I, petitioner argues that there was not an adequate factual basis for his plea and that the trial court judge abused his discretion by accepting petitioner's guilty plea. (Petitioner's Brief at 1, ECF No. 10-6, PageID.440). Petitioner argues that the trial court failed to comply with the requirements of Michigan Court Rule 6.302 and that the factual basis for his plea was inadequate because there was no evidence that introduction of the Molotov cocktail caused damage to the residence. (*Id.* at 6-11, PageID.445-50; *see also* ECF No. 12 at 2-6, PageID.1117-21). Neither argument provides a basis for federal habeas corpus relief.

Petitioner's argument that the trial court judge failed to comply with provisions of Michigan Court Rule 6.302 is non-cognizable on federal habeas review. A habeas court is restricted to these federal principles and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *See Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991); *see also Watkins v. Lafler*, 517 F. App'x

---

[4]On October, 8, 2014, petitioner filed a brief which contains one passing reference, noting that respondent's brief cited section 2254(d), but petitioner provides no developed argument attempting to establish how he satisfied his statutory burden under 28 U.S.C. § 2254(d). (ECF No. 12, ¶ 18, PageID.1120). Petitioner's perfunctory invitation to the Court to "please read the plea agreement" does not suffice. (*Id.*).

Petitioner also ignores his statutory burden with regard to the factual findings made by Michigan's courts. "A determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

488, 500 (6th Cir. 2013); *Sweet v. Howes*, No. 1:11-cv-861, 2016 WL 4445370, at *10 (W.D. Mich. Aug. 24, 2016).  The extraordinary remedy of habeas corpus lies only for a violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner's argument that his plea should be set aside because the trial court judge failed to elicit an adequate factual basis for his guilty plea falters on the first step of analysis under AEDPA — it is not founded on clearly established holdings of the Supreme Court.  The Supreme Court has never held that the federal Constitution requires that the state court establish a factual basis for a guilty plea before accepting it.  There is no federal constitutional requirement that a court establish an adequate factual basis for a guilty plea.  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).  Indeed, "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."  *North Carolina v. Alford*, 400 U.S. at 37.  As noted by the Supreme Court, a "defendant's decision to plead guilty may have any number" of motivations that are not related to guilt or evidence thereof, including "a prospect of a favorable plea agreement, or the expectation or hope of a lesser sentence" than might be imposed after an unsuccessful trial.  *Haring v. Prosise*, 462 U.S. 306, 318-19 (1983). As long as the plea is voluntary and intelligent, the federal Constitution is satisfied.  *See Alford*, 400 U.S. at 37-38.  The requirement that a factual basis be established for a plea

-17-

is a creature of state law, not the federal Constitution. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975).

Judge Johnson had the opportunity to hear petitioner's testimony and view petitioner's demeanor throughout the plea hearing. He found that petitioner's guilty plea was knowing and voluntary. The Michigan Court of Appeals also rejected petitioner's claims that his guilty plea was not knowing and voluntary. These findings are entitled to deference under AEDPA. 28 U.S.C. § 2254(d). The test for determining the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. at 31. The state court findings that petitioner's guilty plea was knowing and voluntary easily pass review under deferential AEDPA standards. 28 U.S.C. § 2254(d).

## II. *Brady* Claim

In Ground II, petitioner argues that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) when he failed to disclose a police report. (Petition at 6-7, ECF No. 1, PageID.6-7; *see also* Petitioner's Brief at 12-21, ECF No. 10-6, PageID.451-60; ECF No. 12 at 3-5, PageID.1118-20).

In *Brady v. Maryland*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Court has held that "[t]here

-18-

are three components of a true *Brady* violation:  [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see also Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Prejudice and materiality are established by showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 281 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *see also Cone v. Bell*, 556 U.S. 449, 469-70 (2009).  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

The trial court and the Michigan Court of Appeals rejected this claim and found no violation of petitioner's constitutional rights.   Petitioner satisfied none of the requirements of a *Brady* violation.  The Court finds that petitioner has not shown that the state court decisions rejecting Ground II were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d).

## III.   Trial Counsel

In Ground III, petitioner claims ineffective assistance of trial counsel.  (Petition at 7, ECF No. 1, PageID.7).  Petitioner argues that his attorney gave deficient advice

regarding the guilty plea because he did not raise the issue of damage caused by the Molotov cocktail, allowed petitioner to plead guilty where the elements of the charge were not met, and used his position to "improperly influence [p]etitioner's mother into convincing her son to accept the proposed plea agreement." (*Id.*; *see also* Petitioner's Brief at 21-27, ECF No. 10-6, PageID.460-66).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The trial court and the Michigan Court of Appeals rejected all petitioner's claims of ineffective assistance of trial counsel for lack of merit. Because the Michigan courts decided petitioner's claims of ineffective assistance of counsel on their merits, their

decisions must be afforded deference under AEDPA.  *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 562 U.S. at 98-102.  To receive habeas relief, petitioner must demonstrate that the decisions of Michigan's courts rejecting his claims were contrary to, or represented an unreasonable application of, *Strickland v. Washington.  See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.  Rather, petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012).  This creates a "high burden" for petitioner.  *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013).  "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Woods v. Donald*, 135 S. Ct. 1372, 1375-77 (2015); *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*).  The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011); *see McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015).  Petitioner must show that the state court's ruling on

the claim being presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (*per curiam*).

The Court finds that petitioner has not shown that the decisions of the Michigan courts, rejecting the claims of ineffective assistance of trial counsel raised in Ground III, are "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under the "doubly deferential" standard of review.  28 U.S.C. § 2254(d)(1).

## IV.    Appellate Counsel

In Ground IV, petitioner claims a violation of his Sixth and Fourteenth Amendment rights by ineffective assistance of appellate counsel.  (Petition at 7-8, ECF No. 1, PageID. 7-8).  Petitioner argues that counsel advised him that there were no non-frivolous issues to raise in an appeal from his guilty plea.  He argues that appellate counsel did not withdraw in a manner consistent with *Anders v. California*, 386 U.S. 738 (1967).  Petitioner claims that he "unknowingly signed and returned" the Affidavit and Stipulation and Order indicating that he would not be seeking appellate review.  He argues that appellate counsel could have raised two issues: "the Trial Court erred in accepting the guilty plea without sufficient factual basis, and [] whether the prosecution committed misconduct by the knowing misrepresentation of the facts used to determine

-22-

the factual basis for the plea and the introduction of false testimony."   (Petitioner's Brief at 28-34, ECF No. 10-6, PageID.467-73; *see also* ECF No. 12, PageID.1117-19).

Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standards. *See Evitts v. Lucey*, 469 U.S. 387 (1985). Appellate counsel acts within the fair range of professional assistance when counsel chooses not to assert weak or unsupported issues on appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986). Appellate counsel has no duty to raise meritless issues. *Evitts*, 469 U.S. at 394; *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694. Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

Judge Johnson applied the *Strickland* standards and rejected all petitioner's claims of ineffective assistance of appellate counsel for lack of merit when he denied petitioner's motion for relief from judgment. (Op. at 7-8, ECF No. 10-5, PageID.418-19). Accordingly, the state court decision is entitled to the double-layered deference described in the discussion of Ground III above.

-23-

Petitioner's argument that counsel did not withdraw in accordance with *Anders v. California* is not a basis for federal habeas corpus relief.  In *Anders v. California*, the Supreme Court held that a California procedure that permitted appellate counsel to withdraw on filing a conclusory letter that an appeal had "no merit" was inadequate. 386 U.S. at 742-44.  The Supreme Court stated: "[o]f course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should advise the court and request permission to withdraw."  *Id.* at 744.  The Court went on to sketch a procedure it would accept.  It indicated that appellate counsel's request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*  A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. *Id.* The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous.  If the court makes such a finding, it may grant counsel's request to withdraw.  *Id.*

More recently, in *Smith v. Robbins*, 528 U.S. 259 (2000), the Supreme Court held that the section of its *Anders* opinion that recited an acceptable procedure for treating frivolous appeals was not obligatory upon the States.  *Id.* at 265.  In so holding, the Supreme Court noted that the procedure delineated in *Anders* procedure was not an "independent constitutional command," but simply "a prophylactic framework" that the Supreme Court established as one method to vindicate the constitutional right to appellate counsel.  *Id.* at 273 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

-24-

States are therefore "free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Id.* at 265. The Supreme Court indicated that it would "evaluate state procedures one at a time" as they came before the Court, "while leaving the more challenging task of crafting appropriate procedures to the laboratory of the States in the first instance." 528 U.S. at 275.

The Supreme Court has never held that Michigan's procedure through which petitioner's appellate counsel was permitted to withdraw is deficient. In the absence of a controlling holding of the United States Supreme Court, this court may not grant relief on a novel claim. *See Premo v Moore*, 562 U.S. at 127 ("[N]ovelty alone–at least insofar as it renders the relevant rule less than 'clearly established'–provides a reason to reject it under AEDPA."); *see also Woods v. Donald*, 135 S. Ct. at 1377.

In addition, in *Smith v. Robbins*, the Supreme Court held that the proper standard for evaluating a habeas petitioner's claim that appellate counsel was ineffective for seeking to withdraw rather than filing a merits brief is the standard enunciated in *Strickland v. Washington*. *Smith v. Robbins*, 528 U.S. at 285. "[The petitioner ] must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the petitioner] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a

-25-

merits brief, he would have prevailed on his appeal. *Smith v. Robbins*, 528 U.S. at 285-86.

Petitioner argues that appellate counsel could have raised two issues: "the Trial Court erred in accepting the guilty plea without a sufficient factual basis, and [] whether the prosecution committed misconduct by knowing misrepresentation of the facts used to determine the factual basis for the plea and the introduction of false testimony." (Petitioner's Brief at 33-34, ECF No. 10-6, PageID.472-73). The plea transcript (ECF No. 10-3) established a more than adequate factual basis for petitioner's plea. Petitioner's testimony provided more than adequate support for the judge's factual findings that petitioner's guilty plea was knowing and voluntary. Petitioner's argument that there was insufficient evidence of property damage caused by the Molotov cocktail is frivolous. Petitioner's own testimony established that element. (*Id.* at PageID.394). Nothing in his testimony established that the property damage that he was admitting under oath in open court was limited to the damage that he had caused by the gunshots that he fired.[5] (*Id.*). Petitioner is bound by his sworn testimony. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993); *see also McDonald v. Prelesnik*, 1:13-cv-890, 2016 WL 4054987, at *7 (W.D. Mich. July 29, 2016).

Petitioner's argument that the prosecutor committed misconduct by "knowing misrepresentation of the facts used to determine the factual basis for [his] plea and the

---

[5]One fairly obvious reason for not making such an assertion is the support it would have provided for the most serious charge that petitioner faced, assault with intent to murder, which carried a potential life sentence.

introduction of false testimony" (Petitioner's Brief at 34, ECF No. 10-6, PageID.473) is likewise frivolous.  The plea hearing transcript shows that the prosecutor stated the terms of the plea agreement.  Petitioner related that he heard and understood what had been stated.  He advised the court that the prosecutor had accurately stated the terms of the plea agreement.  (ECF No. 10-3, PageID.388-89).  The prosecutor did not elicit testimony from any witness.  Petitioner was the only person providing testimony.  His testimony under oath at the plea hearing[6] in response to the judge's questions (*Id.*. at PageID.388-95) established his guilt.

The arguments that petitioner raised in his motion for relief from judgment were frivolous.  Appellate counsel was not required to raise frivolous issues and petitioner suffered no prejudice stemming from his appellate counsel's decision not to raise those arguments on direct appeal.  The Court finds that the state court decision rejecting all the claims of ineffective assistance of counsel presented in Ground IV easily withstands scrutiny under the "doubly deferential" standard of review.  *See* 28 U.S.C. § 2254(d)(1).

# V.   Denial of Motion Requesting Appointment of Second Appellate Counsel

---

[6]Petitioner attempts to characterize the evidence that witnesses offered against him at the preliminary examination as "false." (Petitioner's Brief at 12-13, ECF No. 10-6, PageID.451-52).  Preliminary examination testimony is irrelevant for present purposes.  Petitioner's testimony at his plea hearing established his guilt.  He knowingly and voluntarily chose to plead guilty under the extremely favorable terms of his plea agreement rather than test the strength of the prosecutions evidence against him and risk being found guilty on all seven felonies and being sentenced as an habitual offender.

Ground V is petitioner's claim that the trial court violated his Sixth and Fourteenth Amendment rights by denying his motion for appointment of a second appellate attorney. (Petition at 7-8, ECF No. 1, PageID. 7-8; Petitioner's Brief at 35-39, ECF No. 10-6, PageID.474-78).

The circumstances under which petitioner's appellate counsel was permitted to withdraw were considered in the preceding section of this Memorandum Opinion. In Ground V, petitioner has not and cannot show that the trial court's decision declining petitioner's requests for appointment of a second appellate attorney under the aforementioned circumstances "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Price v. Trierweiler*, 2:16-cv-10724, 2016 WL 6524145, at * 5 (E.D. Mich. Nov. 3, 2016). The Court finds that Ground V does not provide a basis for federal habeas corpus relief.

## VI.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

-28-

whether a certificate is warranted. *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDonnell*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.  Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

Petitioner cannot demonstrate that reasonable jurists would find that the denial of habeas corpus relief on each of the grounds raised in his petition is debatable or wrong. *See Slack*, 529 U.S. at 484.  Accordingly, the Court will enter an order denying petitioner a certificate of appealability.

### Conclusion

For the foregoing reasons, the habeas corpus petition will be denied.


Dated:  March 2, 2017                    /s/ Paul L. Maloney_____
                                         Paul L. Maloney
                                         United States District Judge